IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br>v.<br><br>INTERIOR SPECIALTY CONSTRUCTION,<br><br>Defendant. | Adv. Proc. No. 25-50147 (KBO)<br><br><br><br>**Re: Adv. D.I. 1** |

**DEFENDANT'S ANSWER TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, & 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Interior Specialty Construction, Inc.[2] (the "Defendant"), by and through its undersigned counsel answering the Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 547, 548, & 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502 (the "Complaint") of the plaintiff, George Miller, in his capacity as Chapter 7 Trustee of bankruptcy estates of Akorn Holding Company LLC, *et al.*, (the "Plaintiff") respectfully alleges as follows:

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255 (KBO). The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.
[2] Interior Specialty Construction, Inc. reserves all of its rights and remedies relating to the incomplete/incorrect name of Defendant in the Complaint and other filings at or about the time of the Complaint.

1

## THE PARTIES

1. Paragraph 1 of the Complaint sets forth Plaintiff's description of this action for which no response is required, as the Complaint speaks for itself. To the extent a response is required, Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint sets forth Plaintiff's description of this action for which no response is required, as the Complaint speaks for itself. To the extent a response is required, Defendant denies the allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Paragraph 3 of the Complaint calls for a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint calls for a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits that the Plaintiff affirms his consent to the entry of final orders or judgments by this Court in Paragraph 5, but Defendant does not so consent.

6. Paragraph 6 of the Complaint calls for a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint calls for a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 8 of the Complaint.

8.      Paragraph 8 of the Complaint calls for a legal conclusion for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 8 of the Complaint.

## THE PARTIES

9.      Defendant admits the allegations in Paragraph 9 of the Complaint.

10.     Paragraph 10 of the Complaint calls for a legal conclusion for which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant admits to providing goods and/or services to a Debtor prior to the Petition Date and to being a creditor of a Debtor at times before the Petition Date, but Defendant denies the remainder of the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant admits the allegations in Paragraph 12 of the Complaint.

13.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant admits that Defendant provided goods and/or services to a Debtor at various times before the Petition Date.  Defendant also admits that prior to the Petition Date and for a 23-year period dating back to 2000, the Defendant and a Debtor were engaged in business transactions related to an agreement and course of dealing between the Defendant and Debtor evidenced by, among other things, documents and business interaction over the 23 years the Defendant and Debtor were in business (collectively, the "Agreement/Course of Dealing"), but denies the remainder of the allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits that the Debtors transferred $63,780.00 to Defendant during the Preference Period, but denies the remainder of the allegations contained in Paragraph 16 of the Complaint.

17. Defendant admits the allegations in Paragraph 17 of the Complaint.

18. Defendant admits the allegations in Paragraph 18 of the Complaint.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint calls for a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

## COUNT I
### (Avoidance of Preferential Transfers—11 U.S.C. § 547)

25. Defendant repeats and realleges the responses set forth in Paragraphs 1 through 24, above, with respect to the allegations contained in Paragraph 25 of the Complaint.

26. Defendant admits that the Debtors transferred $63,780.00 to or for the benefit of Defendant during the Preference Period, but denies the remainder of the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint calls for a legal conclusion for which no response is required, but in any event, Defendant denies that any Transfers may be avoided.

29. Paragraph 29 of the Complaint calls for a legal conclusion for which no response is required, but in any event, Defendant denies that any Transfers may be avoided.

30. Paragraph 30 of the Complaint calls for a legal conclusion for which no response is required, but in any event, Defendant denies that any Transfers may be avoided.

31. Paragraph 31 of the Complaint calls for a legal conclusion for which no response is required, but in any event, Defendant denies that any Transfers may be avoided.

32. Defendant admits the allegations in Paragraph 32 of the Complaint.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34. Defendant admits receipt of a demand letter from Plaintiff and admits that Defendant has not remitted the amount of the Transfers to Plaintiff, as Defendant denies that any Transfers may be avoided.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

### COUNT II
### (Avoidance of Fraudulent Transfers—11 U.S.C. § 548(a)(1)(B))

36. Defendant repeats and realleges the responses set forth in Paragraphs 1 through 35, above, with respect to the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

## COUNT III
### (Recovery of Property—11 U.S.C. § 550)

39. Defendant repeats and realleges the responses set forth in Paragraphs 1 through 38, above, with respect to the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint calls for a legal conclusion for which no response is required, but in any event, Defendant denies that any Transfers may be avoided.

42. Paragraph 42 of the Complaint calls for a legal conclusion for which no response is required, but in any event, Defendant denies that any Transfers may be avoided.

## COUNT IV
### (Disallowance of Claims—11 U.S.C. § 502)

43. Defendant repeats and realleges the responses set forth in Paragraphs 1 through 42, above, with respect to the allegations contained in Paragraph 43 of the Complaint

44. Paragraph 44 of the Complaint calls for a legal conclusion for which no response is required, but in any event, Defendant denies that any Transfers may be avoided.

45. Defendant admits that it has not paid the amount of Transfers or turned over such property, as it is not required to do so, and denies the remaining allegations in Paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint calls for a legal conclusion for which no response is required, but in any event, Defendant denies that any Transfers may be avoided.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1. The Complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Federal Bankruptcy Rule 7012(b).

**SECOND DEFENSE**

2. The Complaint fails to satisfy the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure made applicable by Federal Bankruptcy Rule 7008.

**THIRD DEFENSE**

3. The Transfers were (a) in payment of debts incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and the Defendant and (b) were (i) made in ordinary course of business or financial affairs of the Debtors and the Defendant; or (ii) made according to ordinary business terms.  Accordingly, the Transfers may not be avoided pursuant to 11 U.S.C. § 547(c)(2).

**FOURTH DEFENSE**

4. Subsequent to the receipt of Transfers, Defendant gave new value to and for the benefit of the Debtors, not secured by an otherwise unavoidable security interest, on account of which new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of Defendant.  The new value that Defendant gave to the Debtors was in amounts sufficient to diminish or eliminate any recovery that the Plaintiff alleges it is entitled to in the Complaint.  The Transfers are not recoverable with respect to Defendant because of the defenses asserted herein with respect to the Transfers.  Accordingly, the Transfers may not be avoided pursuant to 11 U.S.C. § 547(c)(4).

**FIFTH DEFENSE**

5. The Transfers to the Defendant were intended by the Debtors and Defendant to be a contemporaneous exchange for new value given to the Debtors and were in fact a substantially contemporaneous exchange.  Accordingly, the Transfers may not be avoided by the Plaintiff pursuant to 11 U.S.C. § 547(c)(1).

**SIXTH DEFENSE**

6.     One or more of the Transfers are not recoverable because they were prepayments or a return of unpaid goods and therefore were not made on account of antecedent debt.

**SEVENTH DEFENSE**

7.     The Transfers are not recoverable from the Defendant to the extent that the Defendant was not a creditor of the Debtor at the time of each Transfer in relation to such Transfer.

**EIGHTH DEFENSE**

8.     The Transfers are not recoverable because the Debtors were not insolvent at the time the Transfers were made.

**NINTH DEFENSE**

9.     The Transfers may not be recovered by Plaintiff pursuant to 11 U.S.C. § 550 because the Transfers are not avoidable pursuant to 11 U.S.C. § 547.

**TENTH DEFENSE**

10.    The Transfers are not avoidable because of Defendant's 23-year long business relationship with Debtor, including without limitation, their agreements and business transactions in and after the chapter 11 case the Debtor filed in 2020.

**ELEVENTH DEFENSE**

11.    Defendant reserves the right to assert any other claims or defenses as may be available or become available to it during the course of these proceedings.

**WHEREFORE**, Defendant demands judgment:

(a)    Dismissing the Complaint;

(b)    For the costs and disbursements of this adversary proceeding; and

(c)    For such other and further relief as the Court deems just and proper.

Dated:  July 21, 2025

        **LAW OFFICE OF SUSAN E. KAUFMAN, LLC**

        */s/ Susan E. Kaufman*
        Susan E. Kaufman, (DSB# 3381)
        919 North Market Street, Suite 460
        Wilmington, DE 19801
        (302) 472-7420
        (302) 792-7420 Fax
        skaufman@skaufmanlaw.com

        - and -

        **BARCLAY DAMON LLP**
        Ilan Markus
        555 Long Wharf Drive, Sixth Floor
        New Haven, CT 06511
        Telephone:  (203) 672-2661
        Email: imarkus@barclaydamon.com

        *Counsel for Defendant Interior Specialty Construction, Inc.*